## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| **Robert Stoczynski,** | |
| **Plaintiff,** | **Case No. 18-cv-50403** |
| **v.** | **Hon. Philip G. Reinhard** |
| **Tyson Foods, Inc.,** | **Hon. Iain D. Johnston** |
| **Defendant.** | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Tyson Warehousing Services, LLC ("Defendant"),[1] by and through its attorneys, Neal, Gerber & Eisenberg LLP, hereby answers and asserts its affirmative defenses in response to the Complaint filed by Plaintiff Robert Stoczynski ("Plaintiff"), as follows:

## Jurisdiction, Venue and Parties

1.    This case arises under the Americans with Disabilities Act of 1990 (hereinafter the "ADA''), as amended, codified at 42 U.S.C. § 12101, *et seq*.  Accordingly, this Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 (federal question jurisdiction).

**ANSWER**:    Defendant admits that this Court has jurisdiction over Plaintiff's ADA claims.

2.    Stoczynski also brings claims under the Illinois Human Rights Act (the "IHRA"), codified at 775 ILCS 5/1-101, et seq.  This court has supplemental jurisdiction over Stoczynski's IHRA claims pursuant to 28 U.S.C. § 1367 because these claims are so related to his ADA claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

---

[1] Plaintiff has misidentified his former employer (and the defendant in this matter) as Tyson Foods, Inc.  Plaintiff's actual employer was Tyson Warehousing Services, LLC, a wholly-owned subsidiary of Tyson Foods, Inc.  This Answer and Affirmative Defenses is filed on behalf of Tyson Warehousing Services, LLC.  When, for example, this Answer admits that Plaintiff was an employee of "Tyson," it is admitting that Plaintiff was an employee of Tyson Warehousing Services, LLC.  Tyson Warehousing Services, LLC has no objection to being substituted as the sole defendant in this matter.

**ANSWER**:    Defendant admits that this Court has jurisdiction over Plaintiff's IHRA claims.

3.    Stoczynski was employed by Tyson from about April 18, 2016 until early 2017. He worked at Tyson's plant in Rochelle, Illinois.

**ANSWER**:    Defendant admits that it employed Plaintiff at its Rochelle, Illinois facility from April 18, 2016, until approximately April 12, 2017.

4.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and §(b)(2) because Tyson resides in and does business within this District and the acts and omissions that Stoczynski complains of occurred within this District (at Tyson's Rochelle, IL plant).

**ANSWER**:    Defendant admits that venue is proper in this Court.

### Relevant Facts

5.    Stoczynski has autism.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief whether Plaintiff has autism, and therefore denies the allegations in this paragraph.

6.    Stoczynski suffered from rickets as a child, which left him with deformities that he still has today.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief whether Plaintiff suffered from rickets as a child or has resulting deformities, and therefore denies the allegations in this paragraph.

7.    Stoczynski also has severe anxiety, depression, and post-traumatic stress disorder.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief whether Plaintiff has severe anxiety, depression, or post-traumatic stress disorder, and therefore denies the allegations in this paragraph.

8.     His conditions substantially limit one or more of his major life activities, including sleeping, concentrating, thinking, and communicating.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief whether Plaintiff's alleged conditions substantially limit one or more of his major life activities, and therefore denies the allegations in this paragraph.

9.     Additionally, his conditions substantially limit the operation of one or more of his major bodily functions, including his brain function and his bladder function.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief whether Plaintiff's alleged conditions substantially limit the operation of one or more of his major bodily functions, and therefore denies the allegations in this paragraph.

10.     During Stoczynski's employment, Tyson was aware that Stoczynski had these conditions.

**ANSWER**:     Defendant denies the allegations in this paragraph.

11.     During Stoczynski's employment, Tyson supervisors and co-workers harassed Stoczynski frequently because of his conditions, because they regarded him as having a disability, because he had reported harassment to Tyson, and/or in an effort to interfere with the exercise and enjoyment of his rights under the ADA.

**ANSWER**:     Defendant denies the allegations in this paragraph.

12.     This harassment generally occurred on the night shift-which was Stoczynski's regular shift.

**ANSWER**:     Defendant admits that, at certain times during his employment, Plaintiff worked on a night shift, but denies the remaining allegations in this paragraph.

13.     This harassment included, but was not limited to:

      a.     calling Stoczynski a "retard";
      b.     calling Stoczynski "down syndrome boy'';
      c.     calling Stoczynski "disability boy";
      d.     using other disability-related slurs;

e.  telling Stoczynski that he looked like an alien;
f.  mocking Stoczynski's deformities;
g.  mocking Stoczynski by using various gestures;
h.  mocking Stoczynski by making various noises;
i.  using disability-related innuendos to mock Stoczynski;
j.  making fun of Stoczynski;
k.  laughing at Stoczynski;
l.  attempting to provoke Stoczynski and get a reaction out of him;
m.  interfering with Stoczynski's work assignments; and
n.  threatening Stoczynski.

**ANSWER**:  Defendant denies the allegations in this paragraph, including subparts (a) through (n).

14.  Some of the harassment occurred out in the open at Tyson and was observed by others.

**ANSWER**:  Defendant denies the allegations in this paragraph.

15.  Stoczynski reported the harassment to Tyson managers/supervisors, to Tyson human resources employees, and to other Tyson employees.

**ANSWER**:  Defendant admits that Plaintiff reported certain conduct to various employees of Defendant, but denies the remaining allegations in this paragraph.

16.  The harassment only became more severe after Stoczynski reported it.

**ANSWER**:  Defendant denies the allegations in this paragraph.

17.  Stoczynski also asked Tyson to separate him from the harassers—either by transferring him to another shift or by transferring him to another Tyson plant in the area.

**ANSWER**:  Defendant admits that, on one occasion, Plaintiff requested to be transferred to a different shift, and such request was granted.  Defendant denies the remaining allegations in this paragraph.

18.  Tyson did not transfer Stoczynski to another shift.

**ANSWER**:  Defendant denies the allegations in this paragraph.

19.     Tyson did not transfer Stoczynski to another plant in the area.

**ANSWER**:     Defendant admits the allegations in this paragraph, but denies that Plaintiff ever requested a transfer to another plant or facility.

20.     On information and belief, work was available for Stoczynski on another shift.

**ANSWER**:     Defendant admits that, at certain points in time, it transferred Plaintiff to a different shift, including at his request, but denies the remaining allegations in this paragraph.

21.     On information and belief, work was available for Stoczynski at another plant in the area.

**ANSWER**:     Defendant denies the allegations in this paragraph.

22.     The harassment occasionally triggered severe symptoms of Stoczynski's conditions, including panic attacks, crying, nosebleeds, nausea, vomiting, and loss of normal bladder functioning.

**ANSWER**:     Defendant denies that Plaintiff was subjected to any harassment. Defendant lacks knowledge or information sufficient to form a belief whether Plaintiff experienced any of the identified symptoms, and therefore denies such allegations in this paragraph.

23.     Stoczynski occasionally required-and asked for-time off because of the severe symptoms that the harassment triggered.

**ANSWER**:     Defendant denies that Plaintiff was subjected to any harassment. Defendant admits that, on certain occasions, Plaintiff requested time off work, and Defendant granted most if not all of Plaintiff's requests. Defendant lacks knowledge or information sufficient to form a belief whether Plaintiff experienced any symptoms as a result of the alleged harassment, and therefore denies such allegations in this paragraph.

24.     For example, on days that the harassment triggered severe symptoms of his conditions, Stoczynski occasionally needed to leave work and go home for the day.

**ANSWER**:      Defendant denies that Plaintiff was subjected to any harassment.  Defendant admits that, on certain occasions, Plaintiff requested to leave work early, and Defendant granted Plaintiff's requests.  Defendant lacks knowledge or information sufficient to form a belief whether Plaintiff experienced any symptoms as a result of the alleged harassment, and therefore denies such allegations in this paragraph.

25.      Although Tyson allowed Stoczynski to take limited time off on these occasions, they penalized him for doing so-his supervisors gave him attendance points (despite one supervisor telling him that Tyson would not do so).

**ANSWER**:      Defendant admits that it granted most if not all of Plaintiff's requests to take time off, but denies the remaining allegations in this paragraph.

26.      At Tyson's Rochelle, IL plant, if employees accumulate enough attendance points, they are terminated.

**ANSWER**:      Defendant admits that if an employee at its Rochelle, Illinois facility accumulates a certain amount of attendance points, his or her employment may be terminated.

27.      As a result of the harassment and Tyson's actions and inactions, Stoczynski suffered severely and was eventually forced to take a leave of absence.

**ANSWER**:      Defendant admits that Plaintiff requested at certain times to take a leave of absence, and Defendant granted most if not all of Plaintiff's requests.  Defendant denies the remaining allegations in this paragraph.

28.      Stoczynski never returned from this leave of absence (because he would have been required to return to his former position and work with his harassers).

**ANSWER**:      Defendant admits that Plaintiff never returned to work following his leave of absence that began in or around December 2016, but denies the remaining allegations in this paragraph.

29.     At all relevant times, Stoczynski was qualified to perform his job at Tyson.

**ANSWER**:     On information and belief, Defendant admits only that Plaintiff possessed the minimum qualifications for the position he held.

30.     At all relevant times, Stoczynski was able to perform the essential functions of his job at Tyson with a reasonable accommodation (separation from the harassers and/ or reasonably unimpeded intermittent leave when experiencing severe symptoms of his conditions).

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief whether Plaintiff was able to perform the essential functions of his position with or without a reasonable accommodation, and therefore denies the allegations in this paragraph.

31.     Stoczynski has exhausted his administrative remedies: the EEOC mailed him notice of his right to sue on September 17, 2018; and the Illinois Department of Human Rights mailed him notice of his right to commence a civil action on December 13, 2018.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief whether Plaintiff has properly exhausted his administrative remedies, and therefore denies the allegations in this paragraph.

## COUNT I: Discrimination Under the ADA

32.     Stoczynski re-alleges paragraphs one through thirty-one as if fully alleged here.

**ANSWER**:     Defendant realleges its answers to paragraphs 1 through 31 as if fully alleged herein.

33.     Stoczynski was, at all relevant times, a qualified individual with a disability, as that term is defined by the ADA.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief whether Plaintiff was a qualified individual with a disability, and therefore denies the allegations in this paragraph.

- 7 -

34.     Stoczynski was subjected to unwelcome harassment, as more fully described above.

**ANSWER**:     Defendant denies the allegations in this paragraph.

35.     The harassment occurred because Stoczynski had a disability and/or because he was regarded as having a disability.

**ANSWER**:     Defendant denies the allegations in this paragraph.

36.     The harassment was severe or pervasive enough that a reasonable person in Stoczynski's position would find Stoczynski's work environment to be hostile or abusive.

**ANSWER**:     Defendant denies the allegations in this paragraph.

37.     At the time the harassment occurred, Stoczynski believed that it made his work environment hostile or abusive.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief whether Plaintiff believed his work environment to be hostile or abusive, and therefore denies the allegations in this paragraph.

38.     Tyson knew of the harassment or should have known about it, but failed to take reasonable steps to correct or prevent it.

**ANSWER**:     Defendant denies the allegations in this paragraph.

39.     Tyson failed to separate him from the harassers and penalized him for taking time off when he needed it due to symptoms triggered by the harassment.

**ANSWER**:     Defendant denies the allegations in this paragraph.

40.     As a result, Stoczynski suffered severely and was forced to take a leave of absence from which he could not return, given that he would have been required to go back to working with the harassers.

**ANSWER**:     Defendant admits that Plaintiff requested at certain times to take a leave of absence, and Defendant granted most if not all of Plaintiff's requests.  Defendant denies the remaining allegations in this paragraph.

41.     Tyson's actions and inactions violated the ADA.

**ANSWER**:     Defendant denies the allegations in this paragraph.

42.     These violations were intentional and willful.

**ANSWER**:     Defendant denies the allegations in this paragraph.

43.     Stoczynski has been harmed by Tyson's violations of federal law-he suffered severe symptoms of his conditions; he has lost wages, benefits, and earning power; and he has suffered severe emotional distress, which still continues.

**ANSWER**:     Defendant denies the allegations in this paragraph.

44.     Stoczynski had to retain an attorney to pursue claims based on these violations.

**ANSWER**:     Defendant denies that Plaintiff was required to retain an attorney for any reason.

45.     Tyson's conduct was in reckless disregard of Stoczynski's rights. Therefore, Stoczynski requests punitive damages to punish Tyson and to deter Tyson and other companies from engaging in similar discriminatory conduct in the future.

**ANSWER**:     Defendant denies the allegations in this paragraph and denies that Plaintiff is entitled to any relief whatsoever.

## **COUNT II:  Retaliation and/or Interference Under the ADA**

46.     Stoczynski re-alleges paragraphs one through thirty-one as if fully alleged here.

**ANSWER**:     Defendant realleges its answers to paragraphs 1 through 31 as if fully alleged herein.

47.     Stoczynski was, at all relevant times, a qualified individual with a disability, as that term is defined by the ADA.

**ANSWER**:  Defendant lacks knowledge or information sufficient to form a belief whether Plaintiff was a qualified individual with a disability, and therefore denies the allegations in this paragraph.

48.  Stoczynski was subjected to unwelcome harassment, as more fully described above.

**ANSWER**:  Defendant denies the allegations in this paragraph.

49.  Stoczynski reported the harassment and asked for a reasonable accommodation (separation from the harassers and/or reasonably unimpeded intermittent leave when experiencing severe symptoms of his conditions).

**ANSWER**:  Defendant denies the allegations in this paragraph.

50.  The harassment occurred because Stoczynski had reported the harassment and/or was aimed at interfering with Stoczynski's exercise and enjoyment of rights under the ADA (obtaining a reasonable accommodation).

**ANSWER**:  Defendant denies the allegations in this paragraph.

51.  The harassment was severe or pervasive enough that a reasonable person in Stoczynski's position would find Stoczynski's work environment to be hostile or abusive.

**ANSWER**:  Defendant denies the allegations in this paragraph.

52.  At the time the harassment occurred, Stoczynski believed that it made his work environment hostile or abusive.

**ANSWER**:  Defendant lacks knowledge or information sufficient to form a belief whether Plaintiff believed his work environment to be hostile or abusive, and therefore denies the allegations in this paragraph.

53.  Tyson knew of the harassment or should have known about it, but failed to take reasonable steps to correct or prevent it.

**ANSWER**:  Defendant denies the allegations in this paragraph.

54.     Tyson failed to separate him from the harassers and furthered the retaliation by penalizing him for taking time off when he needed it due to symptoms triggered by the harassment.

**ANSWER**:     Defendant denies the allegations in this paragraph.


55.     To the extent that allowing Stoczynski to take intermittent leave can be considered a reasonable accommodation, Tyson further interfered with Stoczynski's exercise and enjoyment of it by giving him attendance points.

**ANSWER**:     Defendant denies the allegations in this paragraph.


56.     As a result, Stoczynski was forced to take a leave of absence from which he could not return, given that he would have been required to go back to working with the harassers.

**ANSWER**:     Defendant admits that Plaintiff requested at certain times to take a leave of absence, and Defendant granted most if not all of Plaintiff's requests.  Defendant denies the remaining allegations in this paragraph.


57.     Tyson's actions and inactions violated the ADA.

**ANSWER**:     Defendant denies the allegations in this paragraph.


58.     These violations were intentional and willful.

**ANSWER**:     Defendant denies the allegations in this paragraph.


59.     Stoczynski has been harmed by Tyson's violations of federal law-he has lost wages, benefits, and earning power.

**ANSWER**:     Defendant denies the allegations in this paragraph.


60.     Stoczynski had to retain an attorney to pursue claims based on these violations.

**ANSWER**:     Defendant denies that Plaintiff was required to retain an attorney for any reason.

### **COUNT III**: **Failure to Provide a Reasonable Accommodation Under the ADA**

61.     Stoczynski re-alleges paragraphs one through thirty-one as if fully alleged here.

**ANSWER**:     Defendant realleges its answers to paragraphs 1 through 31 as if fully alleged herein.

62.     Stoczynski was, at all relevant times, a qualified individual with a disability, as that term is defined by the ADA.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief whether Plaintiff was a qualified individual with a disability, and therefore denies the allegations in this paragraph.

63.     Stoczynski requested a reasonable accommodation.

**ANSWER**:     Defendant denies the allegations in this paragraph.

64.     Tyson failed to provide Stoczynski with a reasonable accommodation by not separating him from the harassers.

**ANSWER**:     Defendant denies the allegations in this paragraph.

65.     Tyson also failed to provide Stoczynski with a reasonable accommodation by giving him attendance points for taking time off when he needed it due to the symptoms the harassment triggered, instead of providing him with reasonably unimpeded intermittent leave.

**ANSWER**:     Defendant denies the allegations in this paragraph.

66.     Further, Tyson failed to engage in the interactive process by working to find a reasonable accommodation that would separate Stoczynski from the harassment.

**ANSWER**:     Defendant denies the allegations in this paragraph.

67.     As a result, Stoczynski suffered severely and was forced to take a leave of absence from which he could not return, given that he would have been required to go back to working with the harassers.

**ANSWER**:     Defendant admits that Plaintiff requested at certain times to take a leave of absence, and Defendant granted most if not all of Plaintiff's requests.   Defendant denies the remaining allegations in this paragraph.

68.     Tyson's actions and inactions violated the ADA.

**ANSWER**:     Defendant denies the allegations in this paragraph.

69.     These violations were intentional and willful.

**ANSWER**:     Defendant denies the allegations in this paragraph.

70.     Stoczynski has been harmed by Tyson's violations of federal law-he suffered severe symptoms of his conditions; he has lost wages, benefits, and earning power; and he has suffered severe emotional distress, which still continues.

**ANSWER**:     Defendant denies the allegations in this paragraph.

71.     Stoczynski had to retain an attorney to pursue claims based on these violations.

**ANSWER**:     Defendant denies that Plaintiff was required to retain an attorney for any reason.

72.     Tyson's conduct was in reckless disregard of Stoczynski's rights. Therefore, Stoczynski requests punitive damages to punish Tyson and to deter Tyson and other companies from engaging in similar discriminatory conduct in the future.

**ANSWER**:     Defendant denies the allegations in this paragraph and denies that Plaintiff is entitled to any relief whatsoever.

### COUNT IV:  Discrimination Under the IHRA

73.     Stoczynski re-alleges paragraphs one through forty-five as if fully alleged here.

**ANSWER**:     Defendant realleges its answers to paragraphs 1 through 45 as if fully alleged herein.

74.     Tyson's actions and inactions, as described herein, also violated the IHRA.

**ANSWER**:     Defendant denies the allegations in this paragraph.

### COUNT V:  Retaliation and/ or Interference Under the IHRA

75.     Stoczynski re-alleges paragraphs one through thirty-one and forty-seven to sixty as if fully alleged here.

**ANSWER**:     Defendant realleges its answers to paragraphs 1 through 31 and 47 through 60 as if fully alleged herein.

76.     Tyson's actions and inactions, as described herein, also violated the IHRA.

**ANSWER**:     Defendant denies the allegations in this paragraph.

### COUNT VI: Failure to Provide a Reasonable Accommodation Under the IHRA

77.     Stoczynski re-alleges paragraphs one through thirty-one and sixty-two to seventy-two as if fully alleged here.

**ANSWER**:     Defendant realleges its answers to paragraphs 1 through 31 and 62 through 72 as if fully alleged herein.

78.     Tyson's actions and inactions, as described herein, also violated the IHRA.

**ANSWER**:     Defendant denies the allegations in this paragraph.

### Jury Demand

79.     Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**ANSWER**:     Defendant admits that Plaintiff has demanded a trial by jury.

### AFFIRMATIVE DEFENSES

1.     Plaintiff was an at-will employee of Defendant, and as such, his employment could be terminated for any reason, at any time, with or without cause.

- 14 -

2.    Plaintiff's claims are preempted in whole or in part by the Illinois Workers' Compensation Act.

3.    Even if true, the alleged conduct that Plaintiff complains of is nothing more than "petty slights and/or trivial inconveniences" and therefore is not actionable.

4.    Plaintiff's alleged damages must be reduced to the extent he has failed to mitigate them, including by failing to accept any offers for gainful employment at or around his prior wage and benefits level in a timely manner and with diligence following the cessation of his employment with Defendant.

5.    Any injury allegedly sustained by Plaintiff did not result from and was not proximately caused by any act or omission, or any wrongful conduct, on the part of Defendant, but rather was caused by the acts of other persons and events over which Defendant had no control.

6.    Plaintiff is not entitled to recover damages on his failure-to-accommodate claims because Defendant made good faith efforts to engage in an interactive process with Plaintiff to identify and provide a reasonable accommodation that would provide him with an equally effective opportunity and would not cause an undue hardship on the operation of Defendant's business.

7.    Plaintiff is not entitled to punitive damages because he cannot meet his burden of proof and because the actions of Defendant and its agents were not malicious, egregious, in bad faith, or in willful or reckless disregard of any law or Plaintiff's legal rights. *E.g.*, *Kolstad v. American Dental Assoc.*, 527 U.S. 526 (1999).

8.    All of Defendant's decisions and conduct relative to Plaintiff's employment, including but not limited to the decision to terminate Plaintiff's employment, were based on legitimate, non-discriminatory and non-retaliatory reasons, unrelated to Plaintiff's alleged disabilities, complaints, or any other alleged protected categories, characteristics and/or activity.

- 15 -

9.     Plaintiff's hostile work environment claims are barred under *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), and *Vance v. Ball State Univ.*, 570 U.S. 421 (2013), because Defendant had in place appropriate complaint procedures, Defendant took prompt remedial action and/or reasonable corrective measures in response to all of Plaintiff's complaints regarding alleged harassment, and Defendant was not in any way negligent in controlling working conditions or discovering or remedying potential harassment.

10.     To the extent that Plaintiff's claims are based upon any alleged discriminatory acts that occurred more than 300 days prior to Plaintiff's filing of his Charge of Discrimination with the EEOC, such claims are barred as untimely.

11.     To the extent that Plaintiff relies on any allegations in this lawsuit that were not included in his Charge of Discrimination filed with the EEOC and/or IDHR, such allegations are barred due to Plaintiff's failure to exhaust his administrative remedies.

Defendant reserves the right to assert and rely on any additional affirmative defenses, including based on information learned during the course of this litigation, including discovery, trial or otherwise.

WHEREFORE, Defendant Tyson Warehousing Services, LLC requests that Plaintiff take nothing by way of his Complaint, the Court enter judgment in Defendant's favor, and the Court award Defendant all just and proper relief.

Dated: January 9, 2019                     Respectfully submitted,

**TYSON WAREHOUSING SERVICES, LLC**

By: */s/ Chad W. Moeller*
         One of Its Attorneys

Chad W. Moeller
David G. Weldon
NEAL GERBER & EISENBERG LLP
2 N. LaSalle Street, Suite 1700
Chicago, Illinois 60602
(312) 269-8000
cmoeller@nge.com
dweldon@nge.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 9, 2019, a copy of the foregoing ***Defendant's Answer and Affirmative Defenses*** was filed electronically.  Service of this filing will be made by operation of the court's electronic filing system.


<u>*/s/ Chad W. Moeller*</u>
Chad W. Moeller


28817054.1